1  SEYFARTH SHAW LLP
   Laura Maechtlen (SBN 224923)
2  E-mail:  lmaechtlen@seyfarth.com
   Chantelle C. Egan (SBN 257938)
3  E-mail:  cegan@seyfarth.com
   Shireen Yvette Wetmore (SBN 278501)
4  E-mail:  swetmore@seyfarth.com
   560 Mission Street, 31st Floor
5  San Francisco, California 94105
   Telephone:     (415) 397-2823
6  Facsimile:     (415) 397-8549

7  Attorneys for Defendant
   KELLY SERVICES, INC. and CUTCO STORES, INC.

8

9

10              UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

12

13  MICHAEL LENTINI, an individual,               Case No.

14                  Plaintiff,                    DEFENDANTS KELLY SERVICES, INC.
                                                  AND CUTCO STORES, INC.'S NOTICE OF
15        v.                                      REMOVAL OF CIVIL ACTION TO UNITED
                                                  STATES DISTRICT COURT
16  KELLY SERVICES, INC., a Delaware
    corporation; CUTCO STORES, INC., a New York
17  corporation; and DOES 1 through 10, inclusive,,

18                  Defendants.

19

20

21  **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

22  **CALIFORNIA AND TO PLAINTIFF MICHAEL LENTINI AND HIS ATTORNEY OF**

23  **RECORD:**

24          PLEASE TAKE NOTICE that Defendants Kelly Services, Inc. ("Kelly") and Cutco Stores, Inc.

25  ("Cutco") (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C.

26  Sections 1331, 1332, 1441, and 1446, based on federal question and diversity of citizenship jurisdiction,

27  in order to effect the removal of the above-captioned action from the Superior Court of the State of

28

────────────────────────────────────────────────
DEFENDANTS KELLY SERVICES, INC. AND CUTCO STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

California for the County of San Mateo, to the United States District Court for the Northern District of California, and state that the removal is proper for the following reasons:

## I.    BACKGROUND

1.    On June 8, 2017, Plaintiff Michael Lentini ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Mateo entitled, "MICHAEL LENTINI, an individual, Plaintiff, v. KELLY SERVICES, INC., a Delaware corporation; CUTCO STORES, INC., a New York corporation; and DOES 1 through 10, inclusive ("Complaint"); Case No. 17CIV02531.

2.    Plaintiff's Complaint alleges thirteen purported causes of action as follows: (1) wrongful termination in violation of California Labor Code; (2) retaliation in violation of the California Labor Code; (3) retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a); (4) failure to pay overtime in violation of California Labor Code; (5) failure to pay overtime in violation of FLSA, 29 U.S.C. § 201 *et seq.*; (6) minimum wage violations in violation of California Labor Code; (7) minimum wage violations in violation of FLSA, 29 U.S.C. § 201 *et seq.*; (8) failure to provide meal and rest breaks in violation of California Labor Code; (9) failure to provide proper wage statements in violation of California Labor Code; (1) waiting time penalties arising from California Labor Code; (11) failure to reimburse business expenses in violation of California Labor Code; (12) unlawful deductions in violation of California Labor Code; and (13) unfair business practices in violation of California Business and Professions Code.  The Complaint's caption also refers to a cause of action for theft of wages, pursuant to California Penal Code, but this cause of action in not plead within the Complaint.

3.    On or about June 12, 2017, Defendants received notice of this lawsuit when they were served with Plaintiff's Summons and Complaint and accompanying documents.  All process, pleadings, notices and orders received by Defendants in this action are attached as **Exhibit A** hereto, as required by 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

4.    On July 11, 2017, Defendants filed their Answer to Plaintiff's Complaint in the Superior Court of San Mateo Court.  A conformed copy of this Answer is attached hereto as **Exhibit B**.

## II.    TIMELINESS OF REMOVAL

5.    Without conceding that service of the Summons and Complaint was effective for

2

DEFENDANTS KELLY SERVICES, INC. AND CUTCO STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1
2
3
4
5
6

purposes of 28 U.S.C. Section 1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of Defendants' receipt of the Summons and Complaint on June 12, 2017, and within one (1) year of the commencement of this action.  Thus, removal is timely pursuant to 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a).  *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (removal is timely if made within 30 days after complaint is served on defendant).

7

**GROUNDS FOR REMOVAL**

8

**III.    FEDERAL QUESTION JURISDICTION**

9
10
11
12

1.    This case is subject to removal because the action presents a federal question over which this Court has original jurisdiction.  28 U.S.C. § 1331.  Specifically, Plaintiff's Third, Fifth, and Seventh Causes of Action allege that Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 215(a).  *See* Exhibit A, Complaint at ¶¶46-55, 64-71, 80-82; 9:24-11:7, 12:6-13:2, 14:1-12.

13
14
15
16
17
18

2.    Plaintiff asserts the remainder of his claims under the California Labor Code, the California Business and Professions Code and common law tort theories.  Plaintiff's claims under the FLSA and under California law arise all from his alleged employment with Defendants.  Therefore, the claims are so related that they form part of the same case or controversy.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's California claims pursuant to 28 U.S.C. Sections 1367 and 1441(c).

19

**IV.    DIVERSITY OF CITIZENSHIP JURISDICTION**

20
21
22

1.    This action may also be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a-b).

23

**A.    Plaintiff Michael Lentini's Citizenship**

24
25
26

2.    To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States; and (b) a domiciliary of one particular state.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his or her

27
28

DEFENDANTS KELLY SERVICES, INC. AND CUTCO STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  Here, Plaintiff alleges he is a citizen of the State of California.  *See* Exhibit A, Complaint, ¶ 1.

### B.  Defendant Kelly Services, Inc.'s Citizenship

3.  Kelly is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1), as it is incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Michigan.  *See* Exhibit A, Complaint at ¶ 2.

4.  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court's decision in *The Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), clarified the meaning of Section 1332(c), holding that a corporation's "principal place of business" for determining its citizenship is the corporation's "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center" ….

*Id*. at 92-93 (*emphasis added*).

5.  Kelly's principal place of business is in Michigan, which is where Kelly's corporate headquarters and executive offices are located and where Kelly's high-level officers direct, control, and coordinate its activities.

6.  Therefore, Kelly is not a citizen of the State of California.  Rather, Kelly is a citizen of the States of Delaware and Michigan pursuant to the Supreme Court's holding in *The Hertz Corp.*, 559 U.S. at 92-93.

### C.  Defendant Cutco Stores, Inc.'s Citizenship

7.  Cutco is now, and ever since this action commenced has been, incorporated under the laws of the State of New York, with its principal place of business in the State of New York.  *See* Exhibit A, Complaint, ¶ 3.  As New York is the site of Cutco's corporate headquarters and executive

4

DEFENDANTS KELLY SERVICES, INC. AND CUTCO STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

offices where Cutco's high level officers direct, control, and coordinate Cutco's activities, Cutco's "nerve center" is in New York.  *See The Hertz Corp.*, 559 U.S. at 92-93.

8.      Therefore, Cutco is not a citizen of the State of California.  Rather, under *Hertz*, Cutco is a citizen of the State of New York.

### D.      Doe Defendants' Citizenship

9.      The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through ten does not deprive this Court of jurisdiction.

### E.      Amount in Controversy

10.      While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.").  The jurisdictional amount may be determined from the face of the complaint.  *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

11.      Although Plaintiff's Complaint does not state a specific dollar amount of damages Plaintiff seeks, Plaintiff alleges at least thirteen causes of action related to his purported employment.  Specifically, Plaintiff seeks unpaid wages, back pay, civil penalties, liquidated damages, special damages, pre-judgment interest, general damages for pain and suffering, punitive damages, exemplary damages, and attorney's fees and costs.  *See* Exhibit A, Complaint, 20:14-21:6.

12.      Defendants, and each of them, deny that Plaintiff is entitled to any recovery in this action and by filing this Notice of Removal, Defendants do not waive any defenses that may otherwise be

DEFENDANTS KELLY SERVICES, INC. AND CUTCO STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

available to them.  Without waiving this position and in light of the allegations in Plaintiff's Complaint, Defendants aver that the amount in dispute is this matter exceeds $75,000.  Prior to filing the Complaint this action, Plaintiff's counsel, Stacy North of the law firm Pierce & Shearer LLP, sent a demand letter, dated May 18, 2017, to Defendants concerning some of the same claims that were later alleged in the Complaint.  In this May 18, 2017 letter, Ms. North provided calculations of the damages Plaintiff asserts against Defendants in support of Plaintiff's settlement demand.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002) (court admitted settlement demand letter as evidence of amount in controversy, stating, "We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy.").  Ms. North's letter calculated some of the damages as follows for Plaintiff:

- Wrongful Termination – **$84,000** (lost wages)
- Failure to Pay Overtime – **$102,000**
- Failure to Provide Meal and Rest Breaks – **$12,000**
- Failure to Provide Proper Paystubs – **$4,000**
- Waiting Time Penalties – **$9,900**

13.     Based on the amounts set forth in Ms. North's letter on Plaintiff's behalf, the amount in controversy in this action substantially exceeds the $75,000 amount in controversy required for federal diversity jurisdiction.

## V.     VENUE

14.     Plaintiff filed this action in the Superior Court of California, County of San Mateo.

15.     The County of San Mateo lies within the jurisdiction of the United States District Court, Northern District of California.

16.     Therefore, without waiving Defendants' right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue for the purposes of this removal lies in the Northern District of California pursuant to 28 U.S.C. Sections 84(a), 1441(a), and 1446.  This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, for purposes of this removal, venue lies in this Court pursuant to 28 U.S.C. Section 1441(a).  Pursuant to

Civil Local Rule 3-2(d), this case should be assigned to the San Francisco or Oakland Division of this Court.

## VI.    NOTICE OF REMOVAL ON STATE COURT AND PLAINTIFF

18.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Mateo, as required under 28 U.S.C. Section 1446(d).

### PRAYER FOR REMOVAL

19.    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

DATED: July 11, 2017                          Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ Chantelle C. Egan
   Laura Maechtlen
   Chantelle C. Egan
   Shireen Yvette Wetmore
   Attorneys for Defendant
   KELLY SERVICES, INC. and CUTCO
   STORES, INC.

39425795v.3

DEFENDANTS KELLY SERVICES, INC. AND CUTCO STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# EXHIBIT A

12 of p.

JUN 1 2 20??

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KELLY SERVICES, INC., a Delaware corporation; CUTCO STORES, INC., a New York corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL LENTINI, an individual.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

## ENDORSED FILED
SAN MATEO COUNTY

JUN - 8 2017

Clerk of the Superior Court
By  JORDAN MAXWELL
**DEPUTY CLERK**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número de Caso):* |
| --- | --- |
| Superior Court of California, San Mateo County<br>800 N Humboldt St, San Mateo, CA 94401 | 17 C I V 0 2 5 3 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stacy North, 2055 Woodside Road, Suite 110, Redwood City, CA 94061; 650-843-1900

| DATE: JUN - 8 2017 *(Fecha)* | RODINA M. CATALANO | Clerk, by *(Secretario)* | JORDAN MAXWELL | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Kelly Services, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*  JUN 1 2 ???
4. ☒ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Stacy Y. North (SBN 219034)
2  PIERCE & SHEARER LLP
   2055 Woodside Road, Suite 110
3  Redwood City, CA 94061
   Phone: (650) 843-1900
4  Fax:    (650) 843-1999
   Email: snorth@pierceshearer.com
5
6  Attorneys for Plaintiff
   MICHAEL LENTINI
7

**ENDORSED FILED**
SAN MATEO COUNTY

JUN - 8 2017

Clerk of the Superior Court
JORDAN MAXWELL
By _____
DEPUTY CLERK

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN MATEO

10                  UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| 11  MICHAEL LENTINI, an individual, | Case No. **17CIV02531** |
| 12                    Plaintiff, | **COMPLAINT FOR:** |
| 13  v. | 1)  **WRONGFUL TERMINATION** |
| | 2)  **RETALIATION (CA Labor Code §§ 98.6, 232.5, 1102.5)** |
| 14  KELLY SERVICES, INC., a Delaware corporation; CUTCO STORES, INC., a New York corporation; and DOES 1 through 10, inclusive, | 3)  **RETALIATION (FLSA 29 USC § 215(a))** |
| 15 | 4)  **FAILURE TO PAY OVERTIME (CA Labor Code)** |
| 16 | 5)  **FAILURE TO PAY OVERTIME WAGES (FLSA)** |
| 17                    Defendants. | 6)  **MINIMUM WAGE VIOLATIONS (CA Labor Code)** |
| 18 | 7)  **MINIMUM WAGE VIOLATIONS (FLSA)** |
| 19 | 8)  **FAILURE TO PROVIDE MEAL AND REST BREAKS (CA Labor Code)** |
| 20 | 9)  **WAGE STATEMENT PENALTIES** |
| 21 | 10) **WAITING TIME PENALTIES** |
| 22 | 11) **FAILURE TO REIMBURSE BUSINESS EXPENSES (CA Labor Code § 2802)** |
| 23 | 12) **UNLAWFUL DEDUCTIONS (CA Labor Code § 221)** |
| 24 | 13) **THEFT OF WAGES (CA Penal Code § 496)** |
| 25 | 14) **UNFAIR BUSINESS PRACTICES (CA B&P § 17200)** |

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

File By Fax

COMPLAINT

1

1

2        Plaintiff Michael Lentini ("Lentini" or "Plaintiff"), by and through his undersigned

3 attorneys, hereby complains against the above-named Defendants, as follows:

4 **PARTIES, JURISDICTION AND VENUE**

5      1.      Plaintiff Lentini is a resident of Los Angeles County in the State of California.

6 From November 2014 through June 11, 2016, Plaintiff was employed by Defendant Kelly

7 Services, Inc. ("Kelly Services). From February 2016 through and including June 11, 2016,

8 Lentini was employed by Defendant Cutco Stores, Inc. ("Cutco"). Lentini was employed by

9 Defendants throughout the United States, including in the County of San Mateo, in the State

10 of California.

11      2.      At all relevant times herein, Defendant Kelly Services was a Delaware

12 corporation doing business in California and employing individuals, such as Lentini, in

13 California. Kelly Services is a staffing agency and/or payroll company and the Plaintiff's W-

14 2 employer for tax purposes.

15      3.      At all relevant times herein, Defendant Cutco was a New York corporation

16 doing business in California and employing individuals, such as Lentini, in California. Cutco

17 was Plaintiff's de facto employer from March 2016 through and including June 11, 2016.

18      4.      Venue is proper in San Mateo County, because a significant part of the events

19 giving rise to liability occurred in San Mateo County.

20      5.      Kelly Services and Cutco are sometimes collectively referred to herein as

21 "Defendants."

22      6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein

23 as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious

24 names. Plaintiff will amend this complaint to allege the true names and capacities of these

25 fictitiously named Defendants when such information is ascertained.

26      7.      Plaintiff is informed and believes and thereon alleges that each of the

27 fictitiously named Defendants, DOES 1-10, inclusive, is responsible in some manner for the

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

1   occurrences herein alleged, and that the aforementioned Defendants proximately caused

2   Plaintiff's damages as herein alleged.

3       8.      Plaintiff is informed and believes and thereon alleges that at all times herein

4   mentioned, each of the Defendants was the agent and/or employee of each of the remaining

5   Defendants and, in doing the things hereinafter alleged, was acting within the course and

6   scope of such agency and employment.

7       9.      Plaintiff is informed and believes and thereon alleges that at all times herein

8   mentioned, each Defendant herein ratified, authorized, knew about, should have known about,

9   and condoned the acts of each and every other Defendant.

10                          **GENERAL ALLEGATIONS**

11      10.     Mr. Lentini worked for Kelly Services from November 14, 2014 to June 11,

12   2016. He worked for Cutco from March 2016 to June 2016. He was a Demonstrator for

13   both Companies. The Companies sent Demonstrators, such as Lentini, to Costco Wholesale

14   ("Costco") to set up a booth and then staff the booth during multi day "road shows."

15   Demonstrators worked from Costco opening hours to closing hours. Demonstrators

16   performed product demonstrations within the booth, but would not take any direct sales or

17   receive any customer payments. Instead, the Demonstrators' purpose was to promote and

18   stimulate sale of products.

19

20      11.     Lentini and other Demonstrators did not actually consummate any sales, they

21   were assigned to one Costco location, and they did not dictate their hours.

22      12.     Lentini and other Demonstrators worked extremely long hours during the road

23   shows. Each show was typically worked by only one representative who would work in

24   excess of 70 hours per week. Demonstrators were closely supervised and had no autonomy

25   over their time. Demonstrators were required to be at the booth at all times during Costco

26   business hours, often being denied meal and rest breaks.

27      13.     Throughout Lentini's entire employment with the Defendants, Lentini was

28   misclassified as exempt. As a result, the Defendants did not pay Demonstrators a salary or

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

COMPLAINT                                3

1   an hourly wage. Instead, the Defendants paid Demonstrators, such as Lentini, a "per unit"
2   rate based on product sales that Costco rang up at the cash register during the dates of the
3   road show, less any returns received during the dates of the roadshow.

4       14.     Many of the returns were not individually tracked for commission payments,
5   so that compensation was frequently reduced by returns purchased before the road show
6   began. The road shows typically lasted 10 days, sometimes more or less. Compensation
7   earned varied from show to show and sometimes amounted to less than minimum wage for
8   time spent. For example, Lentini actually had negative sales on his first day of work for
9   Kelly Services due to returns of merchandise paid for before his promotional efforts began.
10   Returns significantly reduced the compensation of Demonstrators, such as Lentini.
11

12       15.     For example, on one occasion, in or around November 2015, Lentini saw five
13   blenders worth approximately $2,000 returned by a single Costco member. Lentini learned
14   that the five blenders had been purchased two days before at another store; yet, his pay was
15   docked nearly $275 for the return, because the return occurred during his road show. Lentini
16   was only able to investigate because he saw the returns and he was able to get a Costco
17   manager to audit the returning customer's purchases. Lentini complained to management
18   about the deductions but was told that he would have to absorb the loss. A few months later,
19   he complained again to management and was told: "Stop complaining, you made enough
20   money," and "if you don't like it, go work somewhere else."

21       16.     On a few occasions, Lentini and other Demonstrators were forced to promote
22   items without receiving commissions.

23       17.     Demonstrators were also required to purchase supplies and groceries to use in
24   the demonstrations at their own expense. Demonstrators also regularly arrived at the store to
25   set up the demonstrations before opening hours and stayed for up to one hour after closing to
26   clean the area. Additionally, Demonstrators were not compensated for travel time to
27   locations and often had to stay overnight in remote locations. This sometimes resulted in the
28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

1    Companies failing to pay Lentini and other Demonstrators less than minimum wage for time

2    worked.

3         18.     In February 2016, Lentini began promoting Cutco products all over the United

4    States, including in California.  Shortly thereafter, Lentini contacted Brett Lancaster, his

5    Cutco area manager, to inquire about his entitlement to minimum wage and overtime.  Mr.

6    Lancaster told Lentini that he was not entitled to overtime or minimum wage, because he was

7    paid on a commission only basis.  Lentini complained again and was told that he was "non-

8    exempt" and not a 1099 employee, but that he did not have an hourly rate and was instead

9    paid on a per unit basis.

10         19.     In April and May, after inquiring about potential wage violations, Cutco

11   retaliated against Lentini by rescheduling him to fewer road shows in less desirable locations

12   in Colorado and Washington. Neither State was even in Lancaster's management area. After

13   one such road show in a disfavored location, Mr. Lancaster commented to Lentini, "You must

14   have alligator skin because you didn't complain once about [the terrible location]."  During

15   that call, Lentini asked Lancaster, "how come we don't get paid overtime when we work 70

16   hours a week?"  Lancaster responded, "If you're not happy with what we are paying you, I

17   will just take you off the schedule." A few days later, Lentini apologized to Lancaster and

18   begged him not to take Lentini off the schedule. Lentini also cautioned, "don't fire me

19   because I asked about overtime."

20

21         20.     Lentini followed up numerous times with Kelly Services for clarification on

22   how his compensation was calculated. Kelly Services never provided a clear response

23   regarding Lentini's exemption status.

24         21.     On June 3, 2016, Lentini, on behalf of himself and others similarly situated,

25   filed a class action complaint against Kelly Services in the US District Court, Central District

26   of California, for (1) Failure to Pay Overtime Wages; (2) Fair Labor Standards Act

27   Violations; (3) Minimum Wage Violations; (4) Meal Period Violations; (5) Rest Period

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900 • Fax (650) 843-1999

1 | Violations; (6) Wage Statement Penalties; (7) Waiting Time Penalties; and (8) Unfair

2 | Competition. Case No. 2:16-cv-3898.

3 |     22.    Lentini is informed and believes that Kelly Services was immediately notified

4 | of the class action complaint.

5 |     23.    On June 6, 2017, Kelly Services told Lentini to send a written request for

6 | clarification on overtime compensation, which Lentini promptly did. Kelly Services did not

7 | respond.

8 |     24.    In June and July, Lentini was scheduled to work in Houston and Austin, Texas.

9 | He flew from Tacoma, Washington to Phoenix, Arizona, and then drove his car (at the

10 | company's instructions) to Texas. After arriving in Dallas en route to Houston, Lancaster

11 | informed Lentini that "plans have changed." Lancaster informed Lentini that he would be

12 | working in California for the next few months. Lancaster told Lentini that he would "make a

13 | lot of money, because California shows are the best in the country." Lentini turned around and

14 | drove back to California.

15 |     25.    The Companies scheduled Lentini to work the first 5 days of an 11-day show

16 | in San Diego, California, which was odd. Demonstrators were generally scheduled to do full

17 | shows unless there was a scheduling conflict. However, Lentini agreed to the show because

18 | he was desperate for a paycheck. The San Diego show started on June 2. A few days before

19 | the San Diego show started, Lancaster told Lentini that a Demonstrator could not work in

20 | Foster City, California due to an emergency, and that Lentini had to be in Northern California,

21 | in the County of San Mateo, by early morning June 7, 2016. Lentini worked in the San Diego

22 | Costco from June 2, 2016 through June 6, 2016, and then he drove 11 hours north to Foster

23 | City, California.

24 |     26.    Lentini worked the Foster City road show on June 8, 9 and 10, 2016. On June

25 | 10, 2017, Lentini experienced radiating pain in his hips and leg, so he received permission to

26 | leave early. Lentini spent the night in San Mateo County, California with the expectation that

27 | he would be working the following day, on June 11, 2016.

28 |

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

COMPLAINT

6

1    27.    On Saturday, June 11, 2016, a representative from Kelly Services terminated

2    Lentini's employment over the telephone. The purported reasons were that Lentini allegedly

3    cursed at a Foster City Costco member, Lentini left a booth unattended during the Foster City

4    road show, and Lentini impermissibly used a computer at the Foster City Costco.

5    28.    The reasons given were false and a pretext for retaliation for filing a class

6    action lawsuit and complaining about FLSA and California Labor Code violations.

7    **FIRST CAUSE OF ACTION**

8    **WRONGFUL TERMINATION – PUBLIC POLICY**
     **(Labor Code §§ 98.6, 510, 1102.5)**

9    **Plaintiff against Defendants and Does 1-10**

10    29.    The allegations set forth in all preceding paragraphs of the Complaint are re-

11    alleged and incorporated herein by reference.

12    30.    The public policy of the State of California, as set forth in Labor Code §§ 510

13    and 1194, and the public policy of the United States, as set forth in FLSA § 201, is and was

14    that employers pay employees overtime compensation for all hours worked in excess of 8 in

15    one day and in excess of 40 hours in one week.

16    31.    The public policy of the State of California, as set forth in Labor Code §§ 98.6

17    and 1102.5, the public policy of the United States, as set forth in the Fair Labor Standards Act

18    ("FLSA"), 29 U.S.C. § 215(a)) is and was that an employee shall not be discharged for

19    complaining about wage violations or filing a lawsuit regarding wage violations.

20    32.    If an employer discharges an employee in retaliation for complaining about the

21    employer's failure and refusal to pay earned overtime compensation, it violates a fundamental

22    public policy of the State of California and the United States, subjecting the employer to

23    liability for wrongful termination in violation of public policy.

24    33.    As alleged herein, Defendants misclassified Plaintiff as exempt.  Plaintiff

25    repeatedly complained to the Defendants about Defendants' Labor Code and FLSA

26    violations, including filing a class action lawsuit against Kelly Services for, *inter alia*, Labor

27    Code and FLSA violations.

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

COMPLAINT

7

1    34.    By its acts and omissions alleged herein, Defendants intentionally deprived

2 Plaintiff of employment opportunities, and otherwise adversely affected his status as an

3 employee, in retaliation for his complaints about the unpaid overtime in violation of the public

4 policy of the State of California as expressed in Labor Code §§ 98.6, 510, 1194 and 1102.5

5 and the public policy of the United States as expressed in FLSA, 29 U.S.C. §§ 201 and

6 215(a).

7    35.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct,

8 Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages

9 and salary, compensation, career path opportunities, and expenses in amounts to be proved at

10 trial.

11    36.    In acting as alleged above, Defendants acted maliciously, fraudulently,

12 despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an

13 improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.

14 Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at

15 trial.

### SECOND CAUSE OF ACTION
### RETALIATION
16
17
#### (Violation of Labor Code §§ 98.6, 232.5 and 1102.5)
#### Plaintiff against Defendants and Does 1-10
18

19    37.    The allegations set forth in all preceding paragraphs of the Complaint are re-

20 alleged and incorporated herein by reference.

21    38.    Labor Code § 98.6 prohibits employers from taking adverse action against an

22 employee because the employee, inter alia, complained that he is owed unpaid wages.

23    39.    Labor Code § 232.5 prohibits employers from discharging, disciplining or

24 discriminating against an employee for disclosing information about an employee's working

25 conditions.

26    40.    Labor Code § 1102.5 prohibits employers from retaliating against an employee

27 for disclosing to any government agency any violation or noncompliance with any state or

28 federal statute or regulation.

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900 • Fax (650) 843-1999

COMPLAINT                                    8

1    41.    As described above, Plaintiff reported Labor Code violations to the
2    Defendants. As further described above, Plaintiff filed a class action lawsuit alleging Labor
3    Code violations against Kelly Services. In retaliation for his complaints of labor code
4    violations and in retaliation for filing a class action lawsuit, Defendants terminated Plaintiff's
5    employment.

6    42.    By its acts and omissions alleged herein, Defendants intentionally deprived
7    Plaintiff of employment opportunities, and otherwise adversely affected his status as
8    employees, in retaliation for his complaints about the unpaid overtime in violation of Labor
9    Code §§ 98.6, 510, 1102.5.

10   43.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct,
11   Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages
12   and salary, compensation, career path opportunities, and expenses in amounts to be proved at
13   trial.

14   44.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct,
15   Plaintiff has suffered, and will continue to suffer, general physical, mental and psychological
16   damages in the form of extreme enduring and worry, suffering, pain, humiliation,
17   embarrassment, mental anguish, and emotional distress, all to his damage in amounts within
18   the jurisdictional limits of this Court, to be proved at trial.

19   45.    In acting as alleged above, Defendants acted maliciously, fraudulently,
20   despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an
21   improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.
22   Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at
23   trial.

24   ### THIRD CAUSE OF ACTION
     ### RETALIATION
25   (Violation of FLSA, 29 U.S.C. § 215(a))
     Plaintiff against Defendants and Does 1-10
26

27   46.    The allegations set forth in all proceeding paragraphs of this Complaint are
28   hereby incorporated by this reference as if fully set forth again herein.

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • FAX (650) 843-1999

1    47.    The Fair Labor Standards Act prohibits retaliation by employers against

2    employees for asserting rights under the FLSA in violation of Section 215(a) of the Act.

3    48.    Section 215(a)(3) of the FLSA provides that it is a violation for any person to

4    "discharge or in any other manner discriminate against any employee because such employee

5    has filed any complaint or instituted or caused to be instituted any proceeding under or related

6    to this Act, or has testified or is about to testify in any such proceeding, or has served or is

7    about to serve on an industry committee."

8    49.    As described above, Plaintiff reported FLSA violations to Defendants and he

9    filed a class action lawsuit against Kelly Services alleging FLSA violations.  In retaliation for

10   his complaints of FLSA violations, and in retaliation for his class action lawsuit against Kelly

11   Services, Defendants terminated Plaintiff's employment.

12   50.    By its acts and omissions alleged herein, Defendants intentionally deprived

13   Plaintiff of employment opportunities, and otherwise adversely affected his status as an

14   employee, in retaliation for his complaints about the unpaid overtime in violation of Labor

15   Code §§ 98.6, 510, 1102.5.

16   51.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct,

17   Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages

18   and salary, compensation, career path opportunities, and expenses in amounts to be proved at

19   trial.

20   52.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct,

21   Plaintiff has suffered, and will continue to suffer, general physical, mental and psychological

22   damages in the form of extreme enduring and worry, suffering, pain, humiliation,

23   embarrassment, mental anguish, and emotional distress, all to his damage in amounts within

24   the jurisdictional limits of this Court, to be proved at trial.

25   53.    In acting as alleged above, Defendants acted maliciously, fraudulently,

26   despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an

27   improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
PHONE (650) 843-1900 • FAX (650) 843-1999

COMPLAINT

1 | Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at
2 | trial.

3       54.     Due to Defendants' illegal retaliation, Plaintiff is entitled to legal and equitable
4 | relief including, but not limited to, reinstatement, enjoining Defendants from further
5 | retaliation, payment of lost and withheld compensation, back-pay, emotional distress
6 | damages, and additional amounts such as liquidated damages, interest, and reasonable
7 | attorneys' fees. 29 U.S.C. § 216(b).

8

9

10

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME**
**(Cal. Labor Code §§ 510 and 1194)**
**Plaintiff against Defendants and Does 1-10**

11

12       55.     The allegations set forth in all proceeding paragraphs of this Complaint are
hereby incorporated by this reference as if fully set forth again herein.

13

14       56.     From in or around November 14, 2014 through June 11, 2016 Defendant Kelly
Services frequently required Lentini to work in excess of eight hours per day and in excess of

15

16 forty hours in one week.

17       57.     From in or around March 2016 through June 11, 2016, Defendant Cutco
frequently required Lentini to work in excess of eight hours per day and in excess of forty

18

19 hours in one week.

20       58.     Defendants failed and refused to pay the overtime compensation required by
the Labor Code and other applicable laws and regulations.

21

22       59.     Plaintiff has been deprived of his rightfully earned and legally required
overtime compensation as a direct and proximate result of Defendant's failure and refusal to

23

24 pay said compensation. Plaintiff is entitled to recover unpaid overtime compensation in an
amount to be proved at trial.

25

26       60.     By failing to pay overtime compensation to Plaintiff, Defendants violated and
continues to violate Labor Code§§ 204, 510 and 1194.

27

28       61.     Pursuant to Labor Code § 218.6, Plaintiff is entitled to interest on all due and
unpaid wages at the legal rate of ten percent per annum from the date the wages were due.

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900 • FAX (650) 843-1999

COMPLAINT

11

1    62.    Pursuant to Labor Code § 1194, Plaintiff is entitled to attorneys' fees and costs

2  incurred in this action.

3    63.    Based on Defendant's conduct as alleged herein, Defendants is liable for civil

4  penalties pursuant to Labor Code § 558 and other applicable provisions of the Labor Code and

5  other applicable laws and regulations.

6                          **FIFTH CAUSE OF ACTION**
7                          **FAILURE TO PAY OVERTIME**
                          **(FLSA, 29 U.S.C. § 201, *et seq.*)**
8                    **Plaintiff against Defendants and Does 1-10**

9    64.    The allegations set forth in all proceeding paragraphs of this Complaint are

10  hereby incorporated by this reference as if fully set forth again herein.

11    65.    The FLSA, 29 U.S.C. § 201, *et seq.* requires employers to pay all non-exempt

12  employees one and one-half times the regular rate of pay for all hours worked in excess of 40

13  per workweek.

14    66.    From in or around November 14, 2014 through June 11, 2016 Defendant Kelly

15  Services frequently required Lentini to work in excess of forty hours in one week.

16    67.    From in or around March 2016 through June 11, 2016, Defendant Cutco

17  frequently required Lentini to work in excess of forty hours in one week.

18    68.    As alleged above, Plaintiff was misclassified as exempt. Thus, Defendants

19  have failed to properly calculate and pay Plaintiff one and one-half times the regular rate of

20  pay for all hours worked in excess of 40 per workweek.

21    69.    Defendants' policy and practice of requiring overtime work and not paying at

22  the proper overtime rate for said work violates the FLSA's overtime requirements including,

23  but not limited to 29 U.S.C. § 207.

24    70.    Defendants' policies and practices, as alleged, constitute a willful violation of

25  the FLSA, within the meaning of 29 U.S.C. § 255.

26    71.    Defendants' policy and practice of failing to pay overtime for Plaintiff creates

27  an entitlement to recovery by Plaintiff for the unpaid amount of overtime premiums owing,

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900 · FAX (650) 843-1999

COMPLAINT

1  including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest
2  thereon.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
### (Labor Code §§ 1182, 1194, 1197)
### Plaintiff against Defendants and Does 1-10

72.   The allegations set forth in all proceeding paragraphs of this Complaint are
hereby incorporated by this reference as if fully set forth again herein.

73.   From in or around November 14, 2014 through June 11, 2016, Kelly Services
failed and refused to pay Plaintiff all the wages that he earned working for them as required
by the Labor Code and other applicable laws and regulations, including California's minimum
wage laws.

74.   From in or around March 2016 through June 11, 2016, failed and refused to
pay Plaintiff all the wages that he earned working for them as required by the Labor Code and
other applicable laws and regulations, including California's minimum wage laws.

75.   At all times Defendants had the ability to pay Plaintiff all wages and the
minimum due but willfully refused to pay Plaintiff his wages due including a lawful minimum
wage.

76.   Plaintiff has been deprived of a lawfully required minimum wage as a direct
and proximate result of Defendants' failure and refusal to pay said compensation.

77.   Plaintiff is entitled to recover such amounts along with applicable statutory
penalties and civil penalties including those under Labor Code §§ 1194.2 and 1197, et seq.

78.   Pursuant to Labor Code § 218.6, Plaintiff is entitled to interest on all due and
unpaid wages at the legal rate of ten percent per annum from the date the wages were due.

79.   Pursuant to Labor Code § 1194, Plaintiff is entitled to attorneys' fees and costs
incurred in this action.

//
//
//
//

COMPLAINT

13

1

2

3

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE**
**VIOLATIONS (FLSA, 29 U.S.C. §201, *et seq.*)**
**Plaintiff against Defendants and Does 1-10**

4       80.   The allegations set forth in all proceeding paragraphs of this Complaint are

5   hereby incorporated by this reference as if fully set forth again herein.

6       81.   Defendants knowingly, willfully, and intentionally failed to compensate

7   Plaintiff the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

8       82.   Because of Defendants' willful violation of FLSA, Plaintiff is entitled to

9   recover from Defendants his unpaid minimum wages, and an equal amount in the form of

10   liquidated damages, as well as reasonable attorneys' fees and costs of the action, including

11   pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C.

12   § 216(b).

13

14

15

16

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST BREAKS**
**(Labor Code § 512, et seq. and Cal. Code Reg., title 8, § 11020, et seq.)**
**Plaintiff against Defendants and Does 1-10**

17       83.   The allegations set forth in all proceeding paragraphs of this Complaint are

18   hereby incorporated by this reference as if fully set forth again herein.

19       84.   California Labor Code § 512 requires that non-exempt employees receive a 30-

20   minute meal period for every five hours worked.  California Code of Regulations (CCR), title

21   8, § 11020 requires that non-exempt employees receive rest period time based on the total

22   hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

23   fraction thereof.  8 CCR § 11020 and California Labor Code § 226.7 require that the employer

24   relieve an employee of all duties during said meal and rest breaks.

25       85.   On various days throughout his employment, Defendants failed to relieve

26   Plaintiff Lentini of all duties during meal periods.  Further, on various days throughout his

27   employment, Defendants failed to relieve Plaintiff Lentini of all duties during rest breaks.

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900 • Fax: (650) 843-1599

1    86.    Pursuant to California Labor Code §226.7 and 8 CCR § 11020 Plaintiff Lentini

2    is entitled to recover one additional hour of pay at Plaintiff Lentini's regular rate of

3    compensation for each day that Defendants failed to provide Lentini with an uninterrupted

4    meal break, plus interest thereon, in an amount to be proved at trial.

5    87.    Pursuant to California Labor Code §226.7 and 8 CCR § 11020 Plaintiff Lentini

6    is entitled to recover one additional hour of pay at Lentini's regular rate of compensation for

7    each day that Defendants failed to provide Lentini with an uninterrupted rest break, plus

8    interest thereon, in an amount to be proved at trial.

9    88.    Based on Defendants' conduct, as alleged above, Plaintiff is entitled to recover

10    attorney's fees and costs, plus statutory and civil penalties pursuant to Labor Code § 558 and

11    the other applicable laws and regulations.

### NINTH  CAUSE OF ACTION
#### FAILURE TO PROVIDE PROPER WAGE STATEMENTS
#### (Labor Code §§ 226, 226.3, 1174 and 1174.5)
#### Plaintiff against Defendants and Does 1-10

15    89.    The allegations set forth in all proceeding paragraphs of this Complaint are

16    hereby incorporated by this reference as if fully set forth again herein.

17    90.    At all times mentioned, pursuant to California Industrial Welfare Commission

18    Wage Order 4 and Labor Code § 226, Defendants were required to keep accurate records and

19    to provide Plaintiff with properly itemized wage statements at each pay period, which must

20    include, inter alia, all deductions, provided that all deductions were made on written orders or

21    authorization of the employee may be shown as one item, and net wages earned.

22    91.    At all times mentioned, Plaintiff were employed by Defendants. Defendants

23    had a duty to provide Plaintiff with properly itemized wage statements, as required by

24    Industrial Welfare Commission Wage Order 4 and Labor Code § 226.

25    92.    At all times mentioned, Defendants knowingly and intentionally failed to

26    provide Plaintiff with wage statements that complied with Labor Code § 226(a) because, inter

27    alia, they did not accurately list all deductions and net wages earned. Defendants also failed to

28    list all hours worked by Plaintiff and deducted wages without written authorization.

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

COMPLAINT

15

1    93.    Pursuant to Labor Code § 226(e), Plaintiff is entitled to recover the greater of

2    each of his actual damages of $50 for the initial pay period in which a violation occurred, and

3    $100 for each violation in a subsequent pay period, not exceeding an aggregate penalty of

4    $4,000, and are further entitled to an award of costs and reasonable attorney's fees.

5    94.    Defendants failed to provide Plaintiff with timely and accurate wage and hour

6    statements showing gross wages earned, total hours worked, all deductions made, net wages

7    earned, the name and address of the legal entity employing him, all applicable hourly rates in

8    effect during each pay period and the corresponding number of hours worked at each hourly

9    rate.

10    95.    Based on the conduct alleged in the preceding paragraph, Defendants are liable

11    for statutory penalties and civil penalties pursuant to Labor Code §§ 226, 226.3 and 558.

12    96.    Defendants failed to maintain complete and accurate payroll records for

13    Plaintiff showing gross wages earned, total hours worked, all deductions made, net wages

14    earned, the name and address of the legal entity employing him, all applicable hourly rates in

15    effect during each pay period, and the corresponding number of hours worked by Plaintiff at

16    each hourly rate, and Defendants are therefore not able to furnish said documents and/or

17    information.

18    97.    Based on the conduct alleged in the preceding paragraph, Defendants are liable

19    for statutory penalties and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other

20    applicable laws and regulations.

21    98.    Pursuant to California Labor Code § 226(e), Plaintiff is entitled to an award of

22    reasonable attorneys' fees and costs incurred in this action.

23                           **TENTH CAUSE OF ACTION**
                             **WAITING TIME PENALTIES**
24                           **(Cal. Labor Code § 201, et seq.)**
25                     **Plaintiff against Defendants and Does 1-10**

26    99.    The allegations set forth in all proceeding paragraphs of this Complaint are

27    hereby incorporated by this reference as if fully set forth again herein.

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

COMPLAINT                                                  16

1      100.    California Labor Code § 201 requires employers to pay all wages owed to

2 employees on the employees' termination date.

3      101.    California Labor Code § 203 provides that, if an employer willfully fails to pay

4 wages in accordance with Labor Code § 201, the wages of the employees shall continue as a

5 penalty from the due date thereof up to a maximum of 30 days' wages.

6      102.    As alleged above, Defendants were aware that Plaintiff was not exempt from

7 the overtime requirements of California Labor Code § 510, and that Plaintiff frequently was

8 not paid for time that he performed work for Defendants.

9      103.    Accordingly, Defendants were aware that they owed Plaintiff compensation for

10 those hours that Plaintiff had worked as alleged above.

11      104.    Further, as alleged above, Defendants failed and refused to pay Plaintiff any

12 amount for the pay period immediately preceding his termination.

13      105.    Plaintiff Lentini's last day of employment with Defendants was August 26,

14 2016.

15      106.    As of the date of this Complaint, Defendants has still not paid Plaintiff all

16 wages owed.

17      107.    Defendant's failure to pay was willful in that it knew that it owed Plaintiff

18 compensation for those hours that Plaintiff worked as alleged above, but consciously failed to

19 provide such compensation on Plaintiff's termination date, and has continued to fail to

20 provide such compensation.

21      108.    Pursuant to California Labor Code § 203, Plaintiff Lentini is entitled to recover

22 one day's wages for each day that Defendant has failed to pay Plaintiff wages due and owing,

23 up to the statutory maximum of 30 days' wages, in an amount to be proven.

24      109.    Pursuant to California Labor Code § 218.6, Plaintiff Lentini is entitled to

25 recover interest on all due and unpaid overtime wages, at the legal rate of ten percent per

26 annum from the date the wages were due and payable, in a total amount to be proven.

27      110.    Pursuant to California Labor Code § 218.5, Plaintiff Lentini is entitled to

28 reasonable attorneys' fees and costs incurred by them in this action.

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

17

COMPLAINT

1

2

3

## ELEVENTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
#### (Cal. Labor Code § 2802)
#### Plaintiff against Defendants and Does 1-10

4     111.   The allegations set forth in all proceeding paragraphs of this Complaint are

5   hereby incorporated by this reference as if fully set forth again herein.

6     112.   Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

7   employee for all necessary expenditures or losses incurred by the employee in direct

8   consequence of the discharge of his or her duties."

9     113.   As alleged above, Plaintiff has incurred reasonable and necessary expenses in

10   the course of completing their job duties, which were not reimbursed by Defendants. These

11   expenses include but are not limited to mileage, parking, uniforms, and cell phone costs.

12     114.   Defendants have failed to fully reimburse Plaintiff for their business expenses,

13   in violation of Labor Code § 2802, including but not limited to hotels, meals, products and

14   equipment needed to perform work, taxi expenses and mileage, equipment needed to scan

15   machines, airfare, baggage tips, parking and other necessary items.

16     115.   Plaintiff are entitled to reimbursement for these necessary expenditures, plus

17   interest and attorneys' fees and costs, under Labor Code§ 2802.

18     116.   As a further result of the aforementioned violation of Labor Code § 2802,

19   Plaintiff have incurred reasonable attorneys' fees and costs of suit and pursuant to Labor Code

20   § 2802(c) and are entitled to recovery of all reasonable costs, including, but not limited to,

21   interest, attorneys' fees and costs incurred by Plaintiff in enforcing the rights granted by Labor

22   Code § 2802.

23

24

25

## TWELFTH CAUSE OF ACTION
### UNLAWFUL DEDUCTION
#### (Cal. Labor Code § 221)
#### Plaintiff against Defendants and Does 1-10

26     117.   The allegations set forth in all proceeding paragraphs of this Complaint are

27   hereby incorporated by this reference as if fully set forth again herein.

28     118.   Pursuant to Labor Code § 221, an employer may not collect or receive from an

employee any part of their wages theretofore paid to an employee.

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

COMPLAINT

18

1    119.    As set forth above, Plaintiff has had his wages deducted by Defendants

2  including, but not limited to, the deduction of charged back commissions for products not sold

3  by Plaintiff, the deduction of charged back commissions for products returned after one year

4  from purchase, and deductions for other expenses and items without authorization.

5    120.    Pursuant to Labor Code § 226, Defendants did not have written authorization

6  from Plaintiff to make deductions from Plaintiff's commissions.

7    121.    As a direct and proximate result of Defendants' conduct in violation of Labor

8  Code § 221, Plaintiff has been damaged, and are entitled to compensatory and liquidated

9  damages for the illegal deductions, penalties, and interest.

10    122.    As a further result of the violation of Labor Code § 221, Plaintiff is entitled to

11  recover attorney's fees and costs pursuant to Labor Code § 218.5.

12

13                          **THIRTEENTH CAUSE OF ACTION**
                            **UNFAIR COMPETITION**
14                          **(Cal. Bus. & Prof. Code §17200, *et seq.*)**
                            **Plaintiff against Defendants and Does 1-10**
15

16    123.    The allegations set forth in all proceeding paragraphs of this Complaint are

17  hereby incorporated by this reference as if fully set forth again herein.

18    124.    Defendants engage in business practices, offer their goods and services for

19  sale, and advertise their goods and services within the jurisdiction of the State of California.

20  As such, Defendants have a duty to comply with the provisions of the Unfair Business

21  Practices Act as set forth in the California Business & Professions Code § 17200, et seq. (the

22  "UCL"), which Act prohibits, inter alia, unlawful, unfair, and/or fraudulent business acts or

23  practices. An "unlawful" business practice includes any violation of the law.

24    125.    Defendants' violations of the Labor Code and other laws and regulations as

25  alleged by this Complaint, including Defendants' failure and refusal to pay straight time

26  wages, overtime wages and minimum wages to Plaintiff, Defendants' failure to provide meal

27  and rest breaks, Defendants' failure to furnish Plaintiff with timely and accurate wage and

28  hour statements, Defendants' failure to pay compensation due to Plaintiff in a timely manner

during his employment, and Defendants' failure to maintain complete and accurate payroll

COMPLAINT

19

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

1 | records for Plaintiff caused actual injury to Plaintiff and constitute unfair business practices in

2 | violation of the Unfair Competition Law, Business and Professions Code § 17200, et seq.

3 |       126.    As a result of Defendants' unfair business practices, Defendants have reaped

4 | unfair benefits and illegal profits at the expense of Plaintiff and members of the public.

5 | Defendants' utilization of such unfair business practices constitutes unfair competition and

6 | provides an unfair advantage over Defendant's competitors.  Defendants' should be made to

7 | disgorge their ill-gotten gains and restore such monies to Plaintiff.

8 |       127.    Defendants' unfair business practice entitles Plaintiff to seek preliminary and

9 | permanent injunctive relief, including but not limited to order that the Defendants' account

10 | for, disgorge and restore to Plaintiff the compensation unlawfully withheld from him and for

11 | which Defendants were unjustly enriched.

12

13 | **PRAYER**

14 | WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

15 | 1.    For payment of earned wages, overtime compensation, meal and rest period

16 | compensation, waiting time compensation, liquidated damages, expenses, wage benefits, and

17 | other damages available under the California Labor Code according to proof in an amount to

18 | be proved at trial;

19 | 2.    For payment of earned wages, overtime compensation, liquidated damages and

20 | other damages available under the FLSA according to proof in an amount to be proved at

21 | trial;

22 | 3.    For all statutory obligations and penalties to the extent permitted by law;

23 | 4.    For all civil penalties to the extent permitted by law;

24 | 5.    For pre-judgment interest at the maximum legal rate pursuant to, among others,

25 | Labor Code § 218.6;

26 | 6.    An award of special damages, including back pay with prejudgment interest

27 | according to proof in an amount to be proved at trial;

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
PHONE (650) 843-1900 • FAX (650) 843-1999

COMPLAINT

20

1    7.   An award of general damages for pain and suffering according to proof in an

2    amount to be proved at trial;

3    8.   An award of punitive and exemplary damages;

4    9.   For attorneys' fees and costs;

5    10.  For costs of suit herein incurred; and

6    11.  For such other and further relief as the Court deems proper.

7

8    Dated: June 8, 2017                    PIERCE & SHEARER LLP

9

10                                         By: _____

11                                             Stacy North

12                                             Attorneys for Plaintiff
                                               MICHAEL LENTINI

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
PHONE (650) 843-1900 • FAX (650) 843-1999

COMPLAINT                                    21

1    ## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a jury trial on all of the issues in this case.

3

4    Dated:  June 8, 2017                                PIERCE & SHEARER LLP

5

6                                                    By:  _____

7                                                         Stacy North
                                                          Attorneys for Plaintiff
8                                                         MICHAEL LENTINI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone (650) 843-1900 • Fax (650) 843-1999

22

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Stacy North, Esq. (SBN #219054)<br>Pierce & Shearer, LLP<br>2055 Woodside Road, Suite 110<br>Redwood City, CA 94061<br>TELEPHONE NO.: 650-843-1900    FAX NO.: 650-843-1999<br>ATTORNEY FOR (Name): Plaintiff MICHAEL LENTINI | FOR COURT USE ONLY<br><br>**ENDORSED FILED**<br>**SAN MATEO COUNTY** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: San Mateo<br>  STREET ADDRESS: 800 N Humboldt St<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: San Mateo, 94401<br>  BRANCH NAME: | JUN - 8 2017<br><br>Clerk of the Superior Court<br>By      JORDAN MAXWELL<br>**DEPUTY CLERK** |

CASE NAME:
MICHAEL LENTINI v. KELLY SERVICES, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>  (Amount         (Amount<br>  demanded        demanded is<br>  exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 17CIV02531<br><br>JUDGE:<br>DEPT: |

*File By Fax*

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Fourteen (14) Causes of Action.
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 8, 2017

Stacy North, Esq.
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

### CIVIL CASE COVER SHEET

## NOTICE OF CASE MANAGEMENT CONFERENCE

Lentini

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN - 8 2017

Clerk of the Superior Court
By _____JORDAN MAXWELL_____
DEPUTY CLERK

vs.

Kelly Service, et J

Case No: 17 C I V 0 2 5 3 1

Date: _____OCT - 6 2017_____

Time 9:00 a.m.

Dept. _____   --on Tuesday & Thursday

Dept. 2 | .   --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
    a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
    b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
    c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
    a) Referring parties to voluntary ADR and setting an ADR completion date;
    b) Dismissing or severing claims or parties;
    c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:                Dept.:        Div.:            Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:    f. Fax number:
e. E-mail address:    g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation (if available).**
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| **(6) Other** *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
|---|---|

▶

| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
|---|---|

☐ Additional signatures are attached.

# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

## What are the Advantages of Using ADR?

⊘     *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

⊘     *Cheaper* – Parties can save on attorneys' fees and litigation costs.

⊘     *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

⊘     *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

## What are the Disadvantages of Using ADR?

⊘     *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

⊘     *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

## Are There Different Kinds of ADR?

⊘     **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

⊘     **Judicial Arbitration** – is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

⊘     **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

⊘     **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

⊘     **Settlement Conference** - Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use
Local Court Form ADR-CV-1 (New September, 2015)

(CA Rule of Court §3.221)
www.courtinfo.ca.gov

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

∞   The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

∞   All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

∞   If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

∞   You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

     ▫   For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

∞   If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

∞   Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

### Do I Have to Pay to Use ADR?

∞   Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

∞   If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.


In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.


For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063.
(650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Coun Form ADR-CV-8  [New September, 2010] www.sanmateocourt.org

*Judicial Arbitration*, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.

### What are the Advantages of Using Judicial Arbitration?

⊘   *Free* -Parties do not have to pay for the arbitrator's fee.

⊘   *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

⊘   *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

### What are the Disadvantages of Using Judicial Arbitration?

⊘   The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

### How Does Judicial Arbitration Work in San Mateo County?

⊘   During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

⊘   Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC.  The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

⊘   Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

  o    For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

⊘   After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

⊘   If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

⊘   Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897

Page 3 of 3

Appropriate Dispute Resolution Information Sheet
Form adapted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-5 [New September, 2010] www.sanmateocourt.org

Print Form



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❏ Original signatures for all attorneys (and/or parties in pro per);
- ❏ The name of the neutral;
- ❏ Date of the ADR session; and
- ❏ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations
*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 261-5075 or (650) 261-5076.

Form ADR-CV-1 [Rev. Feb. 2014]

Case 4:17-cv-03911-DMR   Document 1   Filed 07/11/17   Page 44 of 61

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

◯ Voluntary Mediation           ◯ Binding Arbitration (private)
◯ Neutral Evaluation              ◯ Settlement Conference (private)
◯ Non-Binding Judicial Arbitration CCP 1141.12   ◯ Summary Jury Trial   ◯ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____

Original Signatures

| | |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED:

Date:                 **Judge of the Superior Court of San Mateo County**

Form ADR-CV-1 [Rev. Feb. 2014]

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference: CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)     Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)     To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)     To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)     To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)     In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)     Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)     Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)     Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed.  (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not



Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)     An order referring the case to arbitration, mediation or other dispute resolution process;

(B)     An order transferring the case to the limited jurisdiction of the superior court;

(C)     An order assigning a trial date;

(D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)     An order scheduling the exchange of expert witness information;

(H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

(A)     Reference CRC, Rule 3.670

(B)     Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D) At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f) Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g) Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h) Stipulations to Arbitration

(1) If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2) It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3) Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session.  The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first.  In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator.  (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

Superior Court of California, County of San Mateo

> All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

> All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

> Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

> All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

> *All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)     Sanctions

> Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

> Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

> (Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

### Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

> (Adopted, effective January 1,2000)(Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

### Rule 2.4 Settlement Conference

> Reference: California Rule of Court, rule 3.138.

# EXHIBIT B

1  SEYFARTH SHAW LLP
   Laura Maechtlen (SBN 224923)
2  lmaechtlen@seyfarth.com
   Chantelle C. Egan (SBN 257938)
3  cegan@seyfarth.com
   Shireen Yvette Wetmore (SBN 278501)
4  swetmore@seyfarth.com
   560 Mission Street, 31st Floor
5  San Francisco, California 94105
   Telephone:    (415) 397-2823
6  Facsimile:    (415) 397-8549

7  Attorneys for Defendants
   KELLY SERVICES, INC. and CUTCO STORES, INC.

8

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  COUNTY OF SAN MATEO

12

13  MICHAEL LENTINI, an individual,          Case No. 17CIV02531

14              Plaintiff,                    **DEFENDANTS KELLY SERVICES, INC
                                              AND CUTCO STORES, INC.'S ANSWER
15       v.                                   TO PLAINTIFF MICHAEL LENTINI'S
                                              COMPLAINT**
16  KELLY SERVICES, INC., a Delaware
    corporation; CUTCO STORES, INC., a New York
17  corporation; and DOES 1 through 10, inclusive,,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

Defendants Kelly Services, Inc. ("Kelly") and Cutco Stores, Inc. ("Cutco") (collectively, "Defendants") hereby answer the unverified Complaint of Plaintiff Michael Lentini ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendants generally deny each and every allegation and each purported cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny Plaintiff has been damaged in any manner or amount, or at all, by reason of any act or omission of Defendants.

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendants allege the following additional separate and/or distinct defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### First Separate Defense

### (Failure to State a Cause of Action - All Causes of Action)

The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendants.

### Second Separate Defense

### (Statute of Limitations - All Causes of Action)

Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, 29 U.S. Code § 255, California Code of Civil Procedure §§335.1, 338, 340 and California Business & Professions Code § 17208, et seq.

### Third Separate Defense

### (Laches - All Causes of Action)

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

### Fourth Separate Defense

### (Waiver - All Causes of Action)

Plaintiff's purported causes of action are barred by the doctrine of waiver.

2

1

**Fifth Separate Defense**

2

**(Estoppel - All Causes of Action)**

3          Plaintiff's purported causes of action are barred in whole or in part by Plaintiff's own improper

4   conduct, acts or omissions, and therefore, Plaintiff is equitably estopped from recovering on any of his

5   claims.  Defendants have performed all conditions, covenants, and obligations imposed upon them as to

6   Plaintiff (assuming *arguendo* that any exist), with the exception of those conditions, covenants and

7   obligations which have been excused by Plaintiff's conduct.

8

**Sixth Separate Defense**

9

**(Unclean Hands - All Causes of Action)**

10         Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced,

11  because of Plaintiff's unclean hands.

12

**Seventh Separate Defense**

13

**(Decisions Contrary to Employer's Policies - All Causes of Action)**

14         Defendants are not liable for the alleged conduct of their respective employee(s), officers,

15  representatives, or agents, to the extent that such conduct was outside the scope and course of

16  employment or contrary to policies and practices that Defendants instituted and enforced in good faith.

17

**Eighth Separate Defense**

18

**(Avoidable Consequences - Eleventh Cause of Action)**

19         Plaintiff's purported cause of action alleging unreimbursed expenses is barred because Plaintiff

20  did not request reimbursement for any additional business expenses from Defendants and did not inform

21  Defendants of any alleged unreimbursed expenses, failure to reimburse business expenses, or any

22  alleged insufficiency of the reimbursements.  Plaintiff, therefore, did not provide Defendants with an

23  opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff.

24

**Ninth Separate Defense**

25

**(Ratification and Consent/Authorization - All Causes of Action)**

26         Plaintiff's purported causes of action are barred, in whole or in part, to the extent he ratified the

27  actions of which he now complains.  Plaintiff's Complaint, and each purported cause of action therein, is

28

3

DEFENDANTS KELLY SERVICES, INC AND CUTCO STORES, INC.'S ANSWER TO PLAINTIFF MICHAEL
LENTINI'S COMPLAINT

1    barred, in whole or in part, because the alleged conduct of Defendants in the Complaint was approved,

2    consented to, and/or authorized by Plaintiff through his actions, omissions, and course of conduct.

### Tenth Separate Defense

### (Failure to Mitigate – All Causes of Action)

Plaintiff did not mitigate his damages, and Plaintiff's damages, if any are awarded, should be reduced to the extent Plaintiff has failed to mitigate them.

### Eleventh Separate Defense

### (No Punitive Damages - All Causes of Action)

Plaintiff is not entitled to recover any punitive damages against Defendants for decisions or actions that are contrary to the policies that Defendants instituted in good faith against wrongful or unlawful conduct, nor has Plaintiff stated sufficient facts to entitle him to an award of punitive damages under California Civil Code section 3294.

### Twelfth Separate Defense

### (Unconstitutionality of Punitive Damages - All Causes of Action)

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

### Thirteenth Separate Defense

### (Collateral Estoppel, Issue Preclusion, and Res Judicata - All Causes of Action)

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of estoppel, issue preclusion, and res judicata.

### Fourteenth Separate Defense

### (Release - All Causes of Action)

The Complaint is barred to the extent that Plaintiff has given a release to Defendants, individually or collectively, in exchange for adequate consideration.

### Fifteenth Separate Defense

### (Standing - All Causes of Action)

Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that

4

DEFENDANTS KELLY SERVICES, INC AND CUTCO STORES, INC.'S ANSWER TO PLAINTIFF MICHAEL LENTINI'S COMPLAINT

1 | Plaintiff lacks standing to assert any of the causes of action contained in the Complaint.

**Sixteenth Separate Defense**

**(Exemption from Overtime - Fourth through Fourteenth Causes of Action)**

Plaintiff's claims are precluded to the extent Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act, California Labor Code and Wage Orders.

**Seventeenth Separate Defense**

**(No Knowledge, Authorization, or Ratification - All Causes of Action)**

Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization or ratification of Defendants.

**Eighteenth Separate Defense**

**(Accord, Satisfaction and Release - All Causes of Action)**

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction to the extent Plaintiff was fully compensated for all work performed while on assignment to Cutco and/or Vita-Mix Corporation, reimbursed for all necessary and reasonable business expenses, and Plaintiff's acceptance of these payments constituted an accord and satisfaction for all debt, if any, owed by Defendants to Plaintiff.

**Nineteenth Separate Defense**

**(After-Acquired Evidence - First through Third Causes of Action)**

Plaintiff's causes of action, in whole or in part, are barred to the extent Plaintiff engaged in misconduct that would have justified any adverse action by Defendants even if Defendants were unaware of the conduct.

**Twentieth Separate Defense**

**(Reasonableness and Good Faith - First through Third Causes of Action)**

Defendants and their agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.  Accordingly, Plaintiff is barred from any and all recovery, including but not limited to recovery of fees and penalties under

5

California Labor Code sections 1102.5 and 6310, or any other penalty provision, in this action.

### Twenty-First Separate Defense

### (Workers' Compensation Preemption - All Causes of Action)

Plaintiff's claims for purported pain and suffering allegedly suffered during or as a result of his employment (including termination therefrom) are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act, Labor Code sections 3601, *et seq.*

### Twenty-Second Separate Defense

### (Business Necessity - First through Third Causes of Action)

Any and all of the acts alleged to have been performed by Defendants, if performed at all, were justified by legitimate, nondiscriminatory, and non-retaliatory business necessity and were not otherwise unlawful.

### Twenty-Third Separate Defense

### (Not Employed by Defendants/Improper Party - All Causes of Action)

Plaintiff's claims are barred because to the extent he was not an employee of Defendants or either of them individually.

### Twenty-Fourth Separate Defense

### (Same Decision - First through Third Causes of Action)

Plaintiff's causes of action, in whole or in part, are barred to the extent any adverse action by Defendants would have been taken for legitimate business reasons, even in the absence of any purported impermissible motivating factor. *See, e.g.*, Cal. Lab. Code § 1102.6; *Harris v. City of Santa Monica*, 56 Cal.4th 203 (2013).

### Twenty-Fifth Separate Defense

### (Plaintiff's Failure to Take Advantage of Preventative

### Opportunities - First through Third Causes of Action)

Defendants exercised reasonable care to prevent and correct any alleged unlawful retaliation in the workplace and Plaintiff unreasonable failed to take advantage of any preventative or corrective

6

1   opportunities provided by Defendants or to avoid harm otherwise.

2                           **Twenty-Sixth Separate Defense**

3       **(Exhaustion of Administrative Remedies - Second and Third Causes of Action)**

4           Plaintiff's claims are barred to the extent Plaintiff failed to exhaust all his administrative

5   remedies and/or other prerequisites and/or failed to timely exhaust those remedies/prerequisites as

6   required by law.

7                          **Twenty-Seventh Separate Defense**

8             **(California Civil Code Section 1473 - All Causes of Action)**

9           Defendants allege that, prior to the commencement of this action, it duly performed, satisfied and

10  discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreement,

11  representation or contracts purported made by Defendants, and thus, that this action is barred by

12  California Civil Code Section 1473.

13             **DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES**

14          Plaintiff knew or should have known that his claims are without any reasonable basis in law or

15  equity and cannot be supported by good faith argument for extension, modification or reversal of

16  existing law.  As a result of Plaintiff's filing of this Complaint, Defendants have been required to obtain

17  the services of the undersigned attorneys, and have incurred and will continue to incur substantial costs

18  and attorneys' fees in defense of this frivolous case, and Defendants are therefore entitled to recover

19  reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with

20  California Labor Code § 218.5 (as a prevailing party), Rule 11 of the Federal Rules of Civil Procedure,

21  and/or California Code of Civil Procedure §128.7.

22                              **PRAYER FOR RELIEF**

23          WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

24          1.      That Plaintiff take nothing by the Complaint and the Complaint be dismissed with

25  prejudice;

26          2.      That judgment be entered in favor of Defendants and against Plaintiff on all causes of

27  action;

28
                                          7
---
DEFENDANTS KELLY SERVICES, INC AND CUTCO STORES, INC.'S ANSWER TO PLAINTIFF MICHAEL
LENTINI'S COMPLAINT

1      3.      That Defendants be awarded reasonable attorneys' fees according to proof;

2      4.      That Defendants be awarded the costs of suit herein incurred; and

3      5.      That Defendants be awarded such other and further relief as the Court may deem

4  appropriate.

6  DATED: July 10, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By:
Laura Maechtlen
Chantelle C. Egan
Shireen Yvette Wetmore
Attorneys for Defendants
KELLY SERVICES, INC. and CUTCO
STORES, INC.

39717710v.2

DEFENDANTS KELLY SERVICES, INC AND CUTCO STORES, INC.'S ANSWER TO PLAINTIFF MICHAEL
LENTINI'S COMPLAINT

1

## PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On July 10, 2017, I served the within document(s):

3

4

### DEFENDANT KELLY SERVICES, INC. AND CUTCO STORES, INC.'S ANSWER TO PLAINTIFF MICHAEL LENTINI'S COMPLAINT

5

6

☐ I sent such document from facsimile machines (415) 397-8549 on July 10, 2017. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

7

8

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

9

10

☐ by personally arranging for delivery of the document(s) listed above by messenger to the person(s) at the address(es) set forth below.

11

12

☒ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

13

14

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

15

16

Stacy Y. North
PIERCE & SHEARER LLP
2055 Woodside Road, Suite 100
Redwood City, CA 94061

Tel: (650) 843-1900
Fax: (650) 843-1999
Email: snorth@piercehearer.com

17

18

*Counsel for Plaintiff*

19

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

Executed on July 10, 2017, at San Francisco, California.

25

26

Lisa Rivers

27

28

PROOF OF SERVICE

39800857v.1